## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO.

| | |
|---|---|
| TOM PATTI  and  TOM PATTI STUDIOS INC., | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| SEAN JOHN COMBS (a/k/a PUFF DADDY, a/k/a PUFFY, a/k/a P. DIDDY, a/k/a DIDDY); SEAN JOHN CLOTHING, INC.; ESTÉE LAUDER COMPANIES INC.; JAMES GAGER; JOHAN LIDEN; CHRISTIAN CASEY LLC, and JOHN DOES 1-10, persons or entities whose present identities are unknown, | ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Tom Patti, an individual with an office at 10 Federico Drive, Pittsfield, Massachusetts 01201, and Tom Patti Studios Inc., a corporation with its principal place of business at 10 Federico Drive, Pittsfield, Massachusetts 01201 (collectively "Tom Patti"), allege the following for their complaint against defendants Sean John Combs (a/k/a Puff Daddy, a/k/a Puffy, a/k/a P. Diddy, a/k/a Diddy), an individual with an office at 1710 Broadway Avenue, New York, New York 10019, Sean John Clothing, Inc., a corporation with offices at 1710 Broadway Avenue, New York, New York 10019 (collectively "Sean John"), Estée Lauder Companies Inc., a corporation with offices at 767 Fifth  Avenue, New York, New York 10153, James Gager, an individual residing at 12 West 10th Street,

New York, New York 10011, Johan Liden, an individual residing at 147 Bleecker Street, New York, New York 10012, Christian Casey LLC, a corporation with offices at 1710 Broadway Avenue, New York, New York 10019, and John Does 1-10, which represent fictitious names for companies and individuals presently unknown that worked along with, in concert with, or independent from the named defendants identified above (all collectively "Defendants"):

## NATURE OF THE SUIT

This is an action for copyright infringement, trade dress infringement, and unfair competition, arising from Defendants' improper taking of Tom Patti's designs and the associated goodwill through Defendants' unauthorized use of the product configuration and packaging for its UNFORGIVABLE cologne product.  Defendants' misappropriation of Tom Patti's works have irreparably harmed the goodwill and reputation of Tom Patti and caused Tom Patti significant and irreparable damage and monetary harm from which it requests this Court provide relief.

## JURISDICTION AND VENUE

1.     This is an action between citizens of different states in which, *inter alia*, Tom Patti seeks pecuniary and injunctive relief from the various acts of the Defendants arising under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and related state claims for unfair competition arising under the laws of Massachusetts.

2.     The claims alleged in this complaint arise in the District of Massachusetts and elsewhere.

3.      This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as this action arises under the United States Copyright Act (17 U.S.C. §§ 101 *et seq.*) and the Lanham Act (15 U.S.C. §§ 1051 *et seq.*).

4.      This Court has original jurisdiction over the claims of unfair competition pursuant to 28 U.S.C. § 1338(b), as those claims are joined with substantially related claims herein under the Copyright and Trademark Laws of the United States.

5.      This Court has supplemental jurisdiction over the state law claims of this complaint pursuant to 28 U.S.C. § 1367(a).

6.      This Court has jurisdiction under 28 U.S.C. § 1332, in that there is complete diversity between Tom Patti and the Defendants, and the amount in controversy exceeds the sum or balance of $75,000, exclusive of interest and costs.

7.      Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims of this complaint occurred in this judicial district.

8.      Defendants are actively engaged in promoting, advertising, marketing, or offering its services and/or doing business within this judicial district, and otherwise have sufficient contacts with this district to confer jurisdiction on this Court.

9.      Defendants are, and at all relevant times have been, subject to personal jurisdiction in the District of Massachusetts.

## PARTIES

10.     Plaintiff Tom Patti is an artist with an office at 10 Federico Drive, Pittsfield, Massachusetts 01201.

11.     Tom Patti Studios Inc. is a corporation with its principal place of business at 10 Federico Drive, Pittsfield, Massachusetts 01201 in the business of selling and promoting Tom Patti's artistic works.  (Tom Patti and Tom Patti Studios Inc. are collectively referred to herein as "Tom Patti.")

12.     Upon information and belief, Sean John Combs (a/k/a Puff Daddy, a/k/a Puffy, a/k/a P. Diddy, a/k/a Diddy), is an individual with an office at 1710 Broadway Ave., New York, New York 10019.

13.     Sean John Clothing, Inc. is a corporation with offices at 1710 Broadway Ave., New York, New York 10019.

14.     Estée Lauder Companies Inc. is a corporation with offices at 767 Fifth Avenue, New York, New York 10153.

15.     James Gager is an individual residing at 12 West 10th Street, New York, New York 10011.

16.     Johan Liden is an individual residing at 147 Bleecker Street, New York, New York 10012.

17.     Christian Casey LLC is a corporation with offices at 1710 Broadway Avenue, New York, New York 10019.

18.     John Does 1-10 represent fictitious names for companies and individuals presently unknown, that worked along with, in concert with, or independent from the named Defendants identified above.

## BACKGROUND

### Tom Patti The Artist

19.     Tom Patti is a world-renown artist, who makes his living selling original works of art in glass created over the last four decades. Tom Patti has pioneered novel art forms in blown, fused layers of glass, and laminated glass.

20.     Tom Patti's works are collected by museums and private patrons of the arts, who both wish to acquire Mr. Patti's characteristic designs.

21.     One of Mr. Patti's recognizable works is the "Compacted Gray with Clear and Ribs." A photograph is shown below:

### COMPACTED GRAY WITH CLEAR AND RIBS



22.    A copyright application for this original work of authorship was submitted to the United States Copyright Office for registration on an expedited basis.   Such copyright has been registered with the Copyright Office and assigned Registration No. VAu 973-180.  (A true and accurate copy of such Registration is attached hereto as Exhibit A.)

23.    "Compacted Gray With Clear and Ribs" was created in 1981 and fits in the palm of one's hand.   The work has been extensively photographed and has been exhibited, for example, at Holsten Galleries in Massachusetts (1982 and 1987), and at The Heller Gallery in New York (2006).

24.    Another recognizable work of Mr. Patti's is the "Modulated Solar Airframe," created in 1980.  A photograph of that work is shown below:

**MODULATED SOLAR AIRFRAME**



25.    This work has also been extensively photographed and has been featured in magazines, including, for example, 1981 *Neus Glass Magazine*, Feb., page 84; and 1981 *New Glass Review* 2, Corning Museum, NY page 8, no. 69.

26.    This work has been widely exhibited, for example, at The George Walter Vincent Museum in Massachusetts in 1980, and at the Bergstrom Art Center & Mahler Museum in Wisconsin in 1981.

27.    In 2006, the work was shown at The Heller Gallery in New York, where it was, most sadly, stolen.  At the time of its theft, the work was offered for sale at $40,000. To date, "Modulated Solar Airframe" has never been recovered.

28.    A copyright application for this original work of authorship was submitted to the United States Copyright Office for registration on an expedited basis.  Such copyright has been registered with the Copyright Office and assigned Registration No. VAu 973-179.  (A true and accurate copy of such Registration is attached hereto as Exhibit B.)

29.    Since the 1970s, Tom Patti has achieved a strong reputation as an artist associated with glass artworks and glass design.  He has invested substantially in his unique style of combining blown and flat traditions in glass to create ornamental themes and motifs using colors and textures.  Tom Patti's works and collections have been exhibited in the world's finest museums, including the Musée Des Arts Décoratifs (The Louvre) in Paris, The Metropolitan Museum of Art (New York), The Chicago Art Institute, Victoria and Albert Museum (London), Musée Des Arts Décoratifs de la Ville

de Lausanne (Switzerland), The Corning Museum of Glass (New York), The Museum of Modern Art (New York), and Kestner-Museum (Germany).

30.     Tom Patti's works of art are displayed and marketed at museums and galleries around the world and sold to numerous patrons of the arts.

31.     By virtue of its significant sales and quality of design, Tom Patti has developed a valuable reputation and goodwill in connection with its creative works and the trade dress associated therewith.

32.     As a result of this effort and recognition, the relevant public has come to recognize an association between this style and Tom Patti, and accept that works with the design elements used by Tom Patti are made exclusively by Tom Patti, or otherwise are associated with Tom Patti.

## The Defendants' Wrongful Conduct

33.     Upon information and belief, sometime prior to the sale of its UNFORGIVABLE cologne, Sean John hired James Gager and John Liden, and/or Christian Casey LLC to design a cologne bottle and a cradle/package for receiving the cologne bottle product, to be named UNFORGIVABLE.

34.     Upon information and belief, Sean John, Mr. Gager and/or Mr. Liden, or employees at Christian Casey LLC or Estée Lauder, knew of Tom Patti's works and style of artistic expression and copied such works, or prepared derivative works from same.

35.     Not later than 2006, Defendants launched its UNFORGIVABLE cologne product.

36.     The UNFORGIVABLE cologne product consists of two parts.   The first part is a cologne bottle, the second part is a cradle/package ("the cradle").



37.     The cradle is configured to receive the cologne bottle.   The bottle in its cradle is reproduced below:



38.     The cradle and/or cradle and bottle configuration of the UNFORGIVABLE cologne product is strikingly similar to, substantially similar to, and/or copies the protectable expression in Tom Patti's "Compacted Gray with Clear and Ribs" design.

39.     A comparison showing such similarity of just the cradle is shown below.

 

40.     The cradle and/or cradle and bottle configuration of the UNFORGIVABLE cologne product also is strikingly similar to, substantially similar to, and/or copies the protectable expression in Tom Patti's "Modulated Solar Airframe" design.

41.     A comparison showing such similarity of just the cradle of the UNFORGIVABLE product is shown below.

 

42.     Because of Tom Patti's unmistakable trade dress, the relevant public has and continues to be deceived and/or confused into believing that Defendants' UNFORGIVABLE cologne product originated from Tom Patti, or is somehow authorized, sponsored by, or in some way associated with Tom Patti.

43.     Defendants' unauthorized reproduction of Tom Patti's themes and motifs in its cradle design for the UNFORGIVABLE product has created a likelihood of confusion among the relevant public due to the relevant public's long association between the look of Tom Patti's works and Tom Patti and Tom Patti Studios.

44.     Evidence of actual confusion among the relevant public is widespread.  For example, such evidence has emerged in, for example, the publication The Urban Glass Art Quarterly, No. 112, Fall 2008.

45.     Significantly, in the author's view, "[s]imilarities between Patti's sculptures and the 'Unforgivable' design include the choice of color, the architectural elements, the proportions, the exposed ridges, the layers, and the curved top."

46.    The cover page of the publication and the article are reproduced below.



47.    Upon such information and belief, after reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that such deception and

confusion was intentional and designed by Defendants to trade off of and capitalize on Tom Patti's goodwill and reputation.

48.    Such confusion has already caused actual confusion and consternation among the relevant public and has damaged, and unless restrained will continue to damage Tom Patti's goodwill and hard-earned reputation.

49.    Defendants' unauthorized copying, promotion, and sale of the infringing products has caused Tom Patti financial harm.

50.    Upon information and belief, by the acts alleged above, Defendants have made substantial profits to which it is not entitled and has caused Tom Patti to lose sales, and/or other opportunities for monetary relief.

**FIRST CLAIM FOR RELIEF**

**Copyright Infringement Of Tom Patti's
"Compacted Gray With Clear and Ribs" Sculpture**

51.    Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

52.    Defendants' copying and use of Tom Patti's "Compacted Gray With Clear and Ribs" sculpture in its implementation of a cradle for receiving the UNFORGIVABLE cologne product is a violation of Tom Patti's exclusive rights to the original work of authorship in the sculpture, including but not limited to the exclusive right to make copies and derivative works.

53.    Defendants' copying and use of Tom Patti's "Compacted Gray With Clear and Ribs" sculpture in its implementation of the UNFORGIVABLE product is a violation

of Tom Patti's exclusive rights to the original work of authorship in the sculpture, including but not limited to the exclusive right to make copies and derivative works.

54.     Upon information and belief, after reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that the acts of Defendants were committed willfully, knowingly, maliciously and in conscious disregard of Tom Patti's rights.

55.     The aforesaid infringement by Defendants have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Tom Patti's property and business.

56.     Tom Patti has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Copyright Infringement Of Tom Patti's "Modulated Solar Airframe" Sculpture

57.     Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

58.     Defendants' copying and use of Tom Patti's "Modulated Solar Airframe" sculpture in its implementation of a cradle for receiving the UNFORGIVABLE cologne product is a violation of Tom Patti's exclusive rights to the original work of authorship in the sculpture, including but not limited to the exclusive right to make copies and derivative works.

59.     Defendants' copying and use of Tom Patti's "Modulated Solar Airframe" sculpture in its implementation of the UNFORGIVABLE product is a violation of Tom

Patti's exclusive rights to the original work of authorship in the sculpture, including but not limited to the exclusive right to make copies and derivate works.

60.    Upon information and belief, after reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that the acts of Defendants were committed willfully, knowingly, maliciously and in conscious disregard of Tom Patti's rights.

61.    The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Tom Patti's property and business.

62.    Tom Patti has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**Trade Dress Infringement Under 15 U.S.C. § 1125(a)**

63.    Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

64.    Defendants' use of the themes and motifs of Tom Patti's trade dress in commerce, including those in the "Compacted Gray With Clear and Ribs" and "Modulated Solar Airframe" designs in its implementation of a cradle for receiving the UNFORGIVABLE cologne product is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship, or approval of Defendants' goods, services or commercial activities by Tom Patti, in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

65. Upon information and belief, after reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that the acts by Defendants were committed willfully, knowingly, maliciously and in conscious disregard of Tom Patti's rights.

66. The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Tom Patti's property and business.

67. Tom Patti has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**

**Common–Law Unfair Competition Under**
**Federal Law And The Laws Of The Commonwealth Of Massachusetts**

68. Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

69. The aforementioned acts by Defendants constitute unfair competition and unfair business practices contrary to the common laws of the United States and the Commonwealth of Massachusetts, including Mass. Gen. Laws ch.93A §§ 2 and 9.

70. Upon information and belief, after reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that the acts by Defendants were committed willfully, knowingly, maliciously and in conscious disregard of Tom Patti's rights.

71. Upon information and belief, the aforesaid conduct by Defendants has caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable harm to Tom Patti's property and business.

72.     Tom Patti has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Tom Patti demands judgment as follows:

A.     A declaration that Defendants willfully infringed Tom Patti's copyrighted works;

B.     A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from copying, displaying, selling, reproducing or preparing derivative works of any original works of authorship of Tom Patti;

C.     An award to Tom Patti for all profits realized by Defendants in connection with their infringing activities and an award in such amount to Tom Patti;

D.     A declaration that Defendants willfully infringed Tom Patti's trade dress;

E.     A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from:

1.     utilizing or imitating Tom Patti's trade dress, including but not limited to manufacturing, distributing, advertising, selling, or offering for sale, any products which use any trade dress or packaging design which is confusingly similar to the overall trade dress of Tom Patti's works;

       2.     injuring the commercial reputation, renown and goodwill of Tom Patti; and

       3.     unfairly competing with Tom Patti in any manner whatsoever;

F.     An accounting by Defendants to Tom Patti for all profits realized in connection with its infringing activities and an award in such amount to Tom Patti;

G.     An award to Tom Patti of compensatory, consequential and/or incidental damages;

H.     An award to Tom Patti of treble, exemplary and/or punitive damages;

I.     An award, at Tom Patti's election, if applicable, statutory damages under the Copyright Act.

J.     An award to Tom Patti of its reasonable attorney fees, filing fees, and the costs of this action;

K.     Prejudgment and postjudgment interest on the above monetary awards; and

L.     Such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiffs hereby demand a trial by a jury of twelve on all issues so triable.

Respectfully submitted,

SHATZ, SCHWARTZ AND FENTIN, P.C.

By: /s/ Mark H. Bluver
Mark H. Bluver, Esquire
BBO #560330

1441 Main Street-Suite 1100
Springfield, MA 01103
(413) 737-1131 Phone
(413) 736-0375 Fax

Stephen F. Roth, Esquire
Bryan J. Sommese, Esquire
Lerner, David, Littenberg, Krumholz
& Mentlik, LLP
600 South Avenue West
Westfield, New Jersey 07090
(908) 654-5000

Attorneys for the Plaintiffs Tom Patti
and Tom Patti Studios Inc.

Dated: January 28, 2008



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

# VAu 973-180

**Effective date of registration:**

December 5, 2008

## Title

**Title of Work:** COMPACTED GRAY WITH CLEAR AND RIBS

**Nature of Work:** GLASS SCULPTURE

## Completion/Publication

**Year of Completion:** 1981

## Author

**Author:** TOM PATTI

**Author Created:** 3-Dimensional sculpture

**Work made for hire:** No

**Citizen of:** United States

**Year Born:** 1943

**Anonymous:** No          **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Tom Patti

10 Federico Drive, Pittsfield, MA 01201

## Limitation of copyright claim

**Previously registered:** No

**Basis of current registration:** This is the first application submitted by this author as claimant.

## Certification

**Name:** Bryan J. Sommese, authorized agent of TOM PATTI

**Date:** December 3, 2008

**Correspondence:** Yes

# Exhibit A

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VAu 973-179

**Effective date of
registration:**

December 5, 2008

## Title
**Title of Work:** MODULATED SOLAR AIRFRAME
**Nature of Work:** GLASS SCULPTURE

## Completion/Publication
**Year of Completion:** 1980

## Author
**Author:** TOM PATTI
**Author Created:** 3-Dimensional sculpture

**Work made for hire:** No
**Citizen of:** United States
**Year Born:** 1943
**Anonymous:** No                                        **Pseudonymous:** No

## Copyright claimant
**Copyright Claimant:** Tom Patti

10 Federico Drive, Pittsfield, MA 01201

## Limitation of copyright claim
**Previously registered:** No
**Basis of current registration:** This is the first application submitted by this author as claimant.

## Certification
**Name:** Bryan J. Sommese, authorized agent of TOM PATTI
**Date:** December 3, 2008

**Correspondence:** Yes

# Exhibit B

Page 1 of 1