## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOM PATTI  and  TOM PATTI STUDIOS INC., | ) |
| | ) |
| | )   C.A. 3:09-cv-30017-MAP |
| Plaintiffs, | ) |
| v. | )   District Judge Michael A. Ponsor |
| | ) |
| SEAN JOHN COMBS (a/k/a PUFF | )   Magistrate Judge Kenneth P. Neiman |
| DADDY, a/k/a PUFFY, a/k/a P. DIDDY, | ) |
| a/k/a DIDDY);  M.A.C. COSMETICS INC.; | ) |
| CHRISTIAN CASEY LLC; and JOHN | ) |
| DOES 1-10, persons or entities whose | ) |
| present identities are unknown, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>

Plaintiff Tom Patti, an individual with an office at 10 Federico Drive, Pittsfield, Massachusetts 01201, and Tom Patti Studios Inc., a corporation with its principal place of business at 10 Federico Drive, Pittsfield, Massachusetts 01201 (collectively "Tom Patti"), allege the following for their complaint against defendants Sean John Combs (a/k/a Puff Daddy, a/k/a Puffy, a/k/a P. Diddy, a/k/a Diddy), an individual with an office at 1710 Broadway Avenue, New York, New York 10019, M.A.C. Cosmetics Inc., a corporation with an office at 130 Prince Street, New York, New York 10012, Christian Casey LLC, a corporation with offices at 1710 Broadway Avenue, New York, New York 10019, and John Does 1-10, which represent fictitious names for companies and individuals presently unknown that worked along with, in concert with, or independent from the named defendants identified above (all collectively "Defendants"):

## NATURE OF THE SUIT

This is an action for copyright infringement, trade dress infringement, and unfair competition, arising from Defendants' improper taking of Tom Patti's designs and the associated goodwill through Defendants' unauthorized use of the product configuration and packaging for its UNFORGIVABLE cologne product.  Defendants' misappropriation of Tom Patti's works have irreparably harmed the goodwill and reputation of Tom Patti and caused Tom Patti significant and irreparable damage and monetary harm from which it requests this Court provide relief.

## JURISDICTION AND VENUE

1.      This is an action between citizens of different states in which, *inter alia*, Tom Patti seeks pecuniary and injunctive relief from the various acts of the Defendants arising under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, the Lanham Act, 15 U.S.C. §§  1051 *et seq.*, and related state claims for unfair competition arising under the laws of Massachusetts.

2.      The claims alleged in this complaint arise in the District of Massachusetts and elsewhere.

3.      This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as this action arises under the United States Copyright Act (17 U.S.C. §§ 101 *et seq*.) and the Lanham Act (15 U.S.C. §§ 1051 *et seq.*).

4.      This Court has original jurisdiction over the claims of unfair competition pursuant to 28 U.S.C. § 1338(b), as those claims are joined with substantially related claims herein under the Copyright and Trademark Laws of the United States.

5.      This Court has supplemental jurisdiction over the state law claims of this complaint pursuant to 28 U.S.C. § 1367(a).

6.      This Court has jurisdiction under 28 U.S.C. § 1332, in that there is complete diversity between Tom Patti and the Defendants, and the amount in controversy exceeds the sum or balance of $75,000, exclusive of interest and costs.

7.      Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims of this complaint occurred in this judicial district.

8.      Defendants are actively engaged in promoting, advertising, marketing, or offering its services and/or doing business within this judicial district, and otherwise have sufficient contacts with this district to confer jurisdiction on this Court.

9.      Defendants are, and at all relevant times have been, subject to personal jurisdiction in the District of Massachusetts.

10.     Without limiting the above, and for the sole purposes of providing Defendants' counsel with additional information regarding Tom Patti's allegations of jurisdiction over Sean John Combs ("Sean John"), individually, Tom Patti states that this Court also has jurisdiction over Sean John pursuant to the Massachusetts long-arm statute, Mass. Gen. Laws Ann. ch. 223A, §§ 3(a), (b), (c), and (d).

11.    Without limiting the above, this Court has personal jurisdiction over Sean John because Sean John does business in Massachusetts and because Tom Patti's action arises out of Sean John's transaction of business in Massachusetts, contracting to supply services or things in Massachusetts, and his causing of tortious injury in Massachusetts.

12.    Sean John markets, advertises, and solicits business from Massachusetts, or otherwise, engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Massachusetts.

## PARTIES

13.    Plaintiff Tom Patti is an artist with an office at 10 Federico Drive, Pittsfield, Massachusetts 01201.

14.    Tom Patti Studios Inc. is a corporation with its principal place of business at 10 Federico Drive, Pittsfield, Massachusetts 01201 in the business of selling and promoting Tom Patti's artistic works.   (Tom Patti and Tom Patti Studios Inc. are collectively referred to herein as "Tom Patti.")

15.    Upon information and belief, Sean John Combs (a/k/a Puff Daddy, a/k/a Puffy, a/k/a P. Diddy, a/k/a Diddy), is an individual with an office at 1710 Broadway Ave., New York, New York 10019.

16.    M.A.C. Cosmetics Inc. is a corporation with an office at 130 Prince Street, New York, New York 10012.

17.    Christian Casey LLC is a corporation with offices at 1710 Broadway Avenue, New York, New York 10019.

18.     John Does 1-10 represent fictitious names for companies and individuals presently unknown that worked along with, in concert with, or independent from the named Defendants identified above.

## BACKGROUND

### Tom Patti The Artist

19.     Tom Patti is a world-renown artist, who makes his living selling original works of art in glass created over the last four decades.  Tom Patti has pioneered novel art forms in blown, fused layers of glass, and laminated glass.

20.     Tom Patti's works are collected by museums and private patrons of the arts, who both wish to acquire Mr. Patti's characteristic designs.

21.     One of Mr. Patti's recognizable works is the "Compacted Gray with Clear and Ribs."  A photograph is shown below:

**COMPACTED GRAY WITH CLEAR AND RIBS**



22.     A copyright application for this original work of authorship was submitted to the United States Copyright Office for registration on an expedited basis.   Such copyright has been registered with the Copyright Office and assigned Registration No. VAu 973-180.  (A true and accurate copy of such Registration is attached hereto as Exhibit A.)  The copyright is owned by Tom Patti, individually.

23.     "Compacted Gray With Clear and Ribs" was created in 1981 and fits in the palm of one's hand.   The work has been extensively photographed and has been exhibited, for example, at Holsten Galleries in Massachusetts (1982 and 1987), and at The Heller Gallery in New York (2006).

24.     Another recognizable work of Mr. Patti's is the "Modulated Solar Airframe," created in 1980.  A photograph of that work is shown below:

**MODULATED SOLAR AIRFRAME**



25.     This work has also been extensively photographed and has been featured in magazines, including, for example, 1981 *Neus Glass Magazine*, Feb., page 84; and 1981 *New Glass Review* 2, Corning Museum, NY page 8, no. 69.

26.     This work has been widely exhibited, for example, at The George Walter Vincent Museum in Massachusetts in 1980, and at the Bergstrom Art Center & Mahler Museum in Wisconsin in 1981.

27.     In 2006, the work was shown at The Heller Gallery in New York, where it was, most sadly, stolen.  At the time of its theft, the work was offered for sale at $40,000. To date, "Modulated Solar Airframe" has never been recovered.

28.     A copyright application for this original work of authorship was submitted to the United States Copyright Office for registration on an expedited basis.   Such copyright has been registered with the Copyright Office and assigned Registration No. VAu 973-179.  (A true and accurate copy of such Registration is attached hereto as Exhibit B.)  The copyright is owned by Tom Patti, individually.

29.     Since the 1970s, Tom Patti has achieved a strong reputation as an artist associated with glass artworks and glass design.  He has invested substantially in his unique style of combining blown and flat traditions in glass to create ornamental themes and motifs using colors and textures.   Tom Patti's works and collections have been exhibited in the world's finest museums, including the Musée Des Arts Décoratifs (The Louvre) in Paris, The Metropolitan Museum of Art (New York), The Chicago Art Institute, Victoria and Albert Museum (London), Musée Des Arts Décoratifs de la Ville

de Lausanne (Switzerland), The Corning Museum of Glass (New York), The Museum of Modern Art (New York), and Kestner-Museum (Germany).

30.     Tom Patti's works of art are displayed and marketed at museums and galleries around the world and sold to numerous patrons of the arts.

31.     By virtue of its significant sales and quality of design, Tom Patti has developed a valuable reputation and goodwill in connection with its creative works and the trade dress associated therewith.   Such trade dress is protectable and has acquired secondary meaning among the relevant public.

32.     For the purposes of allowing the Defendants to respond to the Complaint and to provide more specificity to Tom Patti's allegations regarding its protectable trade dress, without limiting the claims set forth herein, Tom Patti identifies its trade dress as: Diminutive architectonic objects, appearing to be formed of multiple stacked layers with a bulbous internal chamber extending through some of the stacked layers.

33.     As a result of this effort and recognition, the relevant public has come to recognize an association between this style and Tom Patti, and accept that works with the design elements used by Tom Patti are made exclusively by Tom Patti, or otherwise are associated with Tom Patti.

## The Defendants' Wrongful Conduct

34.     Upon information and belief, sometime prior to the sale of its UNFORGIVABLE cologne, Sean John hired James Gager and Johan Liden, and/or Christian Casey LLC to design a cologne bottle and a cradle/package for receiving the cologne bottle product, to be named UNFORGIVABLE.

35.     Upon information and belief, Sean John assisted in the creation of the cradle/package and in the overall design of the UNFORGIVABLE cologne product.

36.     Sean John approved the design for the cradle/package.

37.     Upon information and belief, Sean John, Mr. Gager and/or Mr. Liden, or employees at Christian Casey LLC, The Estée Lauder Companies Inc., or M.A.C. Cosmetics Inc. knew of Tom Patti's works and style of artistic expression and copied such works, or prepared derivative works from same.

38.     Not later than 2006, Defendants launched its UNFORGIVABLE cologne product.

39.     The UNFORGIVABLE cologne product consists of two parts.  The first part is a cologne bottle, the second part is a cradle/package ("the cradle").



40.     The cradle is configured to receive the cologne bottle.  The bottle in its cradle is reproduced below:



41.     The cradle and/or cradle and bottle configuration of the UNFORGIVABLE cologne product is strikingly similar to, substantially similar to, and/or copies the protectable expression in Tom Patti's "Compacted Gray with Clear and Ribs" design.

42.     A comparison showing such similarity of just the cradle is shown below.



43.     The cradle and/or cradle and bottle configuration of the UNFORGIVABLE cologne product also is strikingly similar to, substantially similar to, and/or copies the protectable expression in Tom Patti's "Modulated Solar Airframe" design.

44.    A comparison showing such similarity of just the cradle of the UNFORGIVABLE product is shown below.

 

45.    Because of Tom Patti's unmistakable trade dress, the relevant public has and continues to be deceived and/or confused into believing that Defendants' UNFORGIVABLE cologne product originated from Tom Patti, or is somehow authorized, sponsored by, or in some way associated with Tom Patti.

46.    Defendants' unauthorized reproduction of Tom Patti's trade dress in its cradle design for the UNFORGIVABLE product has created a likelihood of confusion among the relevant public due to the relevant public's long association between the look of Tom Patti's works and Tom Patti and Tom Patti Studios Inc.

47.    Evidence of actual confusion among the relevant public is widespread.  For example, such evidence has emerged in, for example, the publication The Urban Glass Art Quarterly, No. 112, Fall 2008.

48.    Significantly, in the author's view, "[s]imilarities between Patti's sculptures and the 'Unforgivable' design include the choice of color, the architectural elements, the proportions, the exposed ridges, the layers, and the curved top."

49.    The cover page of the publication and the article are reproduced below.





**HOURGLASS** | **Fall 2008**

DESIGN

**"Unforgivable," Indeed**

In 2006, when the fashion label Sean John released its fragrance "Unforgivable for Men," artist Tom Patti began getting telephone calls congratulating him. The resemblance between the unusual bottle design and his tabletop glass sculptures was so strong, many assumed it must have been licensed from the artist. Artist and designer Robert DuGrenier, of Robert DuGrenier & Associates, which specializes in cosmetic packaging, calls the bottle design "very reminiscent of Tom Patti's art glass sculptures, which are very sought-after."

But ask the designers of the fragrance bottle, James Gager and Johan Liden, about the strong resemblance, and the answer is simply that the bottle is a reflection of Sean Combs's interest in architecture. "We wanted something with a linear feel that relates to some of the architecture that exists in his store on Fifth Avenue, New York," Gager said in a written response to questions from *GLASS*.

Patti finds it hard to believe that so many elements in the "Unforgivable" design just happen to appear in his much earlier sculptural work, which was the result of a concept and thought process developed over a number of years. Similarities between Patti's sculptures and the "Unforgivable" design include the choice of color, the architectural elements, the proportions, the exposed ridges, the layers, and the curved top.

In a written response to a direct question about whether there was any connection between the bottle design and the work of Tom Patti, Gager said that "the inspiration is not from the world of art, but from the world of architecture…I really don't feel that there is a similarity in terms of the designs…I think inspiration is interesting in that sometimes there are people thinking along the same lines at any one time."

Asked for his response, Tom Patti said simply to "let the work speak for itself."

— FRIDA HÖGNABBA

50.     Upon such information and belief, after reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that such deception and confusion was intentional and designed by Defendants to trade off of and capitalize on Tom Patti's goodwill and reputation.

51.     Such confusion has already caused actual confusion and consternation among the relevant public and has damaged, and unless restrained will continue to damage Tom Patti's goodwill and hard-earned reputation.

52.     Defendants' unauthorized copying, promotion, and sale of the infringing products has caused Tom Patti financial harm.

53.     Upon information and belief, by the acts alleged above, Defendants have made substantial profits to which it is not entitled and has caused Tom Patti to lose sales, and/or other opportunities for monetary relief.

## FIRST CLAIM FOR RELIEF
### (By Tom Patti, individually)

### Copyright Infringement Of Tom Patti's
### "Compacted Gray With Clear and Ribs" Sculpture

54.     Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

55.     Defendants' copying and use of Tom Patti's "Compacted Gray With Clear and Ribs" sculpture in its implementation of a cradle for receiving the UNFORGIVABLE cologne product is a violation of Tom Patti's exclusive rights to the original work of

authorship in the sculpture, including but not limited to the exclusive right to make copies and derivative works.

56.     Defendants' copying and use of Tom Patti's "Compacted Gray With Clear and Ribs" sculpture in its implementation of the UNFORGIVABLE product is a violation of Tom Patti's exclusive rights to the original work of authorship in the sculpture, including but not limited to the exclusive right to make copies and derivative works.

57.     Upon information and belief, after reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that the acts of Defendants were committed willfully, knowingly, maliciously and in conscious disregard of Tom Patti's rights.

58.     The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Tom Patti's property and business.

59.     Tom Patti has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**(By Tom Patti, individually)**

**<u>Copyright Infringement Of Tom Patti's "Modulated Solar Airframe" Sculpture</u>**

60.     Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

61.     Defendants' copying and use of Tom Patti's "Modulated Solar Airframe" sculpture in its implementation of a cradle for receiving the UNFORGIVABLE cologne product is a violation of Tom Patti's exclusive rights to the original work of authorship in

the sculpture, including but not limited to the exclusive right to make copies and derivative works.

62.    Defendants' copying and use of Tom Patti's "Modulated Solar Airframe" sculpture in its implementation of the UNFORGIVABLE product is a violation of Tom Patti's exclusive rights to the original work of authorship in the sculpture, including but not limited to the exclusive right to make copies and derivate works.

63.    Upon information and belief, after reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that the acts of Defendants were committed willfully, knowingly, maliciously and in conscious disregard of Tom Patti's rights.

64.    The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Tom Patti's property and business.

65.    Tom Patti has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**(By Tom Patti, individually, and Tom Patti Studios Inc.)**

**Trade Dress Infringement Under 15 U.S.C. § 1125(a)**

66.    Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

67.    Defendants' use of Tom Patti's trade dress in commerce, including the trade dress in the "Compacted Gray With Clear and Ribs" and "Modulated Solar Airframe" designs in its implementation of a cradle for receiving the UNFORGIVABLE cologne

product is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship, or approval of Defendants' goods, services or commercial activities by Tom Patti, in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

68.     Upon information and belief, after reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that the acts by Defendants were committed willfully, knowingly, maliciously and in conscious disregard of Tom Patti's rights.

69.     The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Tom Patti's property and business.

70.     Tom Patti has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**

**(By Tom Patti, individually, and Tom Patti Studios Inc.)**

**Common–Law Unfair Competition Under
Federal Law And The Laws Of The Commonwealth Of Massachusetts**

71.     Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

72.     The aforementioned acts by Defendants in causing confusion among the relevant public or causing a false association or sponsorship in Defendants' goods, services or commercial activities by Tom Patti, in Massachusetts and elsewhere, constitute unfair competition and unfair business practices contrary to the common laws of the United States and the Commonwealth of Massachusetts, including Mass. Gen. Laws ch.93A §§ 2, 9, and 11.

73. Upon information and belief, after reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that the acts by Defendants were committed willfully, knowingly, maliciously and in conscious disregard of Tom Patti's rights.

74. Upon information and belief, the aforesaid conduct by Defendants has caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable harm to Tom Patti's property and business.

75. Tom Patti has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Tom Patti demands judgment as follows:

A. A declaration that Defendants willfully infringed Tom Patti's copyrighted works;

B. A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from copying, displaying, selling, reproducing or preparing derivative works of any original works of authorship of Tom Patti;

C. An award to Tom Patti for all profits realized by Defendants in connection with their infringing activities and an award in such amount to Tom Patti;

D. A declaration that Defendants willfully infringed Tom Patti's trade dress;

E. A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys and those in active concert or

participation with them who receive actual notice of the order by personal service or otherwise, from:

> 1.     utilizing or imitating Tom Patti's trade dress, including but not limited to manufacturing, distributing, advertising, selling, or offering for sale, any products which use any trade dress or packaging design which is confusingly similar to the overall trade dress of Tom Patti's works;
>
> 2.     injuring the commercial reputation, renown and goodwill of Tom Patti; and
>
> 3.     unfairly competing with Tom Patti in any manner whatsoever;

F.     An accounting by Defendants to Tom Patti for all profits realized in connection with its infringing activities and an award in such amount to Tom Patti;

G.     An award to Tom Patti of compensatory, consequential and/or incidental damages;

H.     An award to Tom Patti of treble, exemplary and/or punitive damages;

I.     Pursuant to the agreement with Defendants' counsel, an award, at Tom Patti's election, if applicable, of statutory damages under the Copyright Act should the law change during the pendency of the case to allow Tom Patti to assert and/or recover statutory damages;

J.     An award to Tom Patti of its reasonable attorney fees, filing fees, and the costs of this action;

K.      Prejudgment and postjudgment interest on the above monetary awards; and

L.      Such other and further relief as this Court deems equitable and just.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), plaintiffs hereby demand a trial by a jury of twelve on all issues so triable.

Respectfully submitted,

WEINER & LANGE, P.C.

By: /s/ Mark H. Bluver
    Mark H. Bluver, Esq.
    BBO #560330

    98 State Street-Suite 918
    Springfield, MA 01103
    (413) 732-6840 Phone
    (413) 785-5666 Fax

    Sidney David, Esq.
    Stephen F. Roth, Esq.
    Bryan J. Sommese, Esq.
    Lerner, David, Littenberg, Krumholz
    & Mentlik, LLP
    600 South Avenue West
    Westfield, New Jersey 07090
    (908) 654-5000

    Attorneys for the Plaintiffs Tom Patti
    and Tom Patti Studios Inc.

Dated: April 20, 2009



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**VAu 973-180**

**Effective date of registration:**

December 5, 2008

## Title

**Title of Work:** COMPACTED GRAY WITH CLEAR AND RIBS

**Nature of Work:** GLASS SCULPTURE

## Completion/Publication

**Year of Completion:** 1981

## Author

**Author:** TOM PATTI

**Author Created:** 3-Dimensional sculpture

**Work made for hire:** No

**Citizen of:** United States

**Year Born:** 1943

**Anonymous:** No                    **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Tom Patti

10 Federico Drive, Pittsfield, MA 01201

## Limitation of copyright claim

**Previously registered:** No

**Basis of current registration:** This is the first application submitted by this author as claimant.

## Certification

**Name:** Bryan J. Sommese, authorized agent of TOM PATTI

**Date:** December 3, 2008

**Correspondence:** Yes

# Exhibit A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VAu 973-179

**Effective date of registration:**

December 5, 2008

## Title

**Title of Work:** MODULATED SOLAR AIRFRAME

**Nature of Work:** GLASS SCULPTURE

## Completion/Publication

**Year of Completion:** 1980

## Author

**Author:** TOM PATTI

**Author Created:** 3-Dimensional sculpture

**Work made for hire:** No

**Citizen of:** United States

**Year Born:** 1943

**Anonymous:** No          **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Tom Patti

10 Federico Drive, Pittsfield, MA 01201

## Limitation of copyright claim

**Previously registered:** No

**Basis of current registration:** This is the first application submitted by this author as claimant.

## Certification

**Name:** Bryan J. Sommese, authorized agent of TOM PATTI

**Date:** December 3, 2008

**Correspondence:** Yes

# Exhibit B

Page 1 of 1